EGNER v. CORN EXCH. BANK.

(Supreme Court, Appellate Term. January 19, 1904.)

1. CHECKS—FORGERY OF INDORSEMENT—RECOVERY OF SUBSEQUENT INDORSER.

A bank crediting one with the amount of a check on the faith of his indorsement is entitled to recover it of him on proof that a prior indorsement was forged.

2. SAME—ESTOPPEL.

Where an assistant superintendent of an insurance company prepares false proofs of death of insured, and, having no authority to draw checks for the company or to direct delivery thereof, causes a check to be issued by the company to the beneficiary named in the policy, on which he forges the name of the payee, the company is not chargeable with the intention of putting the check into circulation with the name of the fictitious payee, or with knowledge that his name did not represent a real person, so as to make it liable thereon.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Frank L. Egner against the Corn Exchange Bank. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Bowers & Sands, for appellant.

Joseph Du Vivier (John Brooks Leavitt, of counsel), for respondent.

¶ 1. See Banks and Banking, vol. 6, Cent. Dig. § 447.

PER CURIAM. Plaintiff seeks to recover in this action the sum of $343, paid to the defendant, as alleged by the plaintiff, under a mistake of fact. The material facts are undisputed, and, briefly stated, are as follows: One Herzog, an assistant superintendent of the Prudential Insurance Company of Newark, N. J., having an office in this city, prepared proofs of claim for a death loss, purporting to be on the death of one Mary Ellis, a policy holder in said company, and caused to be issued by the company, in payment of such supposed loss, a check drawn upon the Fifth National Bank of this city, payable to John Ellis, the husband of said Mary Ellis, a beneficiary provided for in the terms of the policy. Upon this check Herzog forged the name of John Ellis, and procured the same to be cashed by the plaintiff. The plaintiff then indorsed the check, and deposited it with the defendant. The defendant thereupon guarantied the indorsements on the check, and presented it to the Fifth National Bank for payment. Payment thereon was made, and the check in due course of business was charged against the account of and returned to the insurance company as a voucher. Subsequently, on ascertaining that Mary Ellis was alive, that the proofs of death were falsely made up, and that Ellis' name had been forged, the insurance company returned the check to the Fifth National Bank, and that bank returned it to the defendant, who demanded payment of the plaintiff. Attached to the check was the affidavit of Ellis showing that his name as payee of said check had been forged. Plaintiff thereupon refunded the amount of the check to the defendant, and now brings this action, alleging payment thereof under a mistake of fact, and recovered a judgment in the court below.

No mistake of fact is shown on the part of the plaintiff herein, so far as his transactions with the defendant were concerned. The defendant credited the plaintiff with the amount of the check upon the faith of his indorsement thereon, he thereby guarantying the genuineness of the prior indorsement, and, upon proof of the forgery of the first indorser, had a right to demand and collect the amount from any indorser of the check prior to its own. The alleged error of fact, if one exists, consists in the acts of Herzog, whose acts, if binding upon the insurance company, were in no way brought to the knowledge of the defendant, and who is in no way responsible therefor. The defendant merely demanded what its legal rights entitled it to recover, and plaintiff has no remedy, under the facts shown, against it.

Moreover, the point strenuously urged by the respondent that the insurance company is estopped from denying that the name of the payee, John Ellis, was fictitious, and that hence the insurance company was liable without any indorsement, is not well taken. The fallacy of the respondent's contention rests in ignoring the rule that "the maker's intention is the controlling consideration which determines the character of the paper, and that the statutory rule which gives to paper drawn payable to the order of a fictitious person, and negotiated by the maker, the same validity as paper payable to bearer, applies only when such paper is put into circulation by the maker with knowledge that the name of the person does not represent a real person." Phillips v. Mercantile Nat. Bank, 140 N. Y. 556, 561, 35

N. E. 982, 23 L. R. A. 584, 37 Am. St. Rep. 596; Shipman v. Bank of State of N. Y., 126 N. Y. 318, 27 N. E. 371, 12 L. R. A. 791, 22 Am. St. Rep. 821.

In the case at bar it is not pretended that the assistant superintendent, Herzog, drew the check in behalf of the insurance company, or that he had any authority to direct the delivery of any checks. On the contrary, the facts show that he had nothing to do with the drawing of checks. It therefore follows that the insurance company, the maker of the check, cannot be charged with either any intention of putting the check into circulation with the name of the fictitious payee, or with knowledge that the name of the payee did not represent a real person.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.