## PHŒNIX INS. CO. v. BAKOVIC.

## GREAT AMERICAN INS. CO. v. SAME.

(Circuit Court of Appeals, Ninth Circuit. December 15, 1924.)

Nos. 4314, 4315.

1. **Appeal and error** ⬅️1003—**Appellate court in reviewing verdict not authorized to weigh evidence.**

The appellate court in an action at law is no authorized to weigh the evidence, but is required only to ascertain from record whether substantial evidence was submitted sufficient to sustain verdict.

2. **Insurance** ⬅️668(10)—**Evidence of fire loss held to preclude directed verdict for insurer.**

In an action on policy of marine insurance, evidence that fishing gear insured, of at least value stated, was loaded on vessel in manner required by policy, that fire destroyed vessel, that master and crew attempted in vain to save property, that gasoline tank exploded, and that vessel filled with water and sank, *held* to preclude directed verdict for defendants, insurers.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; William H. Sawtelle, Judge.

Separate actions by Ivan Bakovic against the Great American Insurance Company and against the Phœnix Insurance Company. Judgments for plaintiff, and defendants bring error. Affirmed.

Cosgrove & Terhune, of Seattle, Wash., for plaintiffs in error.

Van C. Griffin, of Seattle, Wash., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The defendant in error as plaintiff brought actions against the two insurance companies involved herein to recover from each the sum of $3,500 on a policy of insurance on fishing gear of the agreed value of $7,000 on the gas boat "Fairplay," from Seattle, Wash., to Ketchikan, Alaska, alleging in the complaints that the "Fairplay" was accidentally "destroyed by fire, and all the fishing gear thereon was badly burned and destroyed by fire, or so damaged that it sank and was totally lost." The jury found for the plaintiff for the full amounts sued for, and judgments were rendered accordingly.

[1, 2] Error is assigned in each case to the denial of the defendants' motions for instructed verdicts, and it is now contended that there was no proof that all of the alleged insured cargo was placed on board the vessel or that the cargo on deck was not of greater value than limited by the policy, or that there was any loss of underdeck cargo, or an actual total loss. In discussing these assignments the defendants apparently overlook the rule that this appellate court is not authorized to weigh the evidence which was submitted to the jury, but is required only to ascertain from the record whether substantial evidence was submitted to the jury sufficient to sustain their verdict. In this case there was testimony of disinterested witnesses, as well as the testimony of the plaintiff, that the fishing gear was placed on board the vessel, and that its value was at least $7,000, and that five-sevenths of it was shipped under deck as required by the terms of the policy. As to the proof of loss of underdeck cargo and proof of actual total loss there was testimony that about 2 o'clock in the morning, while the vessel was anchored in Smallpox Bay, San Juan Island, fire broke out on the vessel, and, being unable to extinguish it, the master and crew took to a boat; that they stood watching and tried to save some nets from the vessel, but failed; that after burning 20 minutes the gasoline tank exploded, the vessel filled with water, and sank in about one hour; that nothing was saved from the fire except the fire extinguishers, a handsaw, and the skiff; that everything else was lost. One witness testified that all the fishing gear put on board the boat "was destroyed by fire," and that, if any of the nets were still there when the vessel sank, they would be good

for nothing. Clearly in view of this testimony the trial court would not have been justified in instructing the jury to find for the defendants.

The judgments are affirmed.