## LEHIGH VALLEY R. CO. v. STATE OF RUSSIA.

Circuit Court of Appeals, Second Circuit.
August 8, 1927.

Nos. 318, 319.

1. **Railroads** ☞453—Owner, suing for loss of aluminum by fire spreading from railroad's premises, held not liable for negligence of independent contractor transporting owner's explosives to terminal.

Owner, suing railroad for loss of aluminum in the custody of another on premises adjacent to those of the railroad by fire spreading from railroad's premises, *held* not liable for possible negligence of an independent contractor, who was transporting the owner's explosives to the railroad company's terminal.

2. **Carriers** ☞110—Interstate Commerce Commission rules as to explosives are not sole measure of railroad's responsibility for loss (Interstate Commerce Commission Rules).

The Interstate Commerce Commission rules and regulations as to explosives do not supersede the carrier's common-law liability, and are not the sole measure of the railroad's responsibility for loss by fire and explosion.

3. **Appeal and error** ☞1003—Jury's verdict will not be disturbed on weight of evidence.

Where there was sufficient evidence of negligence to go to the jury, the appellate court will not weigh the sufficiency of that evidence on appeal.

4. **Railroads** ☞484(1)—Whether railroad could reasonably rely on fire department to prevent damage by fire held for jury.

In action against railroad from fire spreading from its premises to warehouse on adjacent premises, wherein plaintiff's aluminum was stored, issue whether in exercise of reasonable care defendant railroad could reasonably rely on fire department to prevent damage was properly submitted to the jury.

5. **Explosives** ☞2—Contract to carry explosives held admissible, notwithstanding contractor had not received municipal license to transport explosives.

Contract to carry explosives, offered to show that lighterage company was independ-

ent contractor, and not plaintiff's agent, *held* admissible, notwithstanding the contractor had not received a municipal license to transport explosives.

**6. Railroads ⊕⇒481(1)—Interstate Commerce Commission's regulations requiring isolation of cars in case of fire held admissible to show negligence of railroad carrier of explosives.**

In action against railroad for destruction of plaintiff's aluminum while in warehouse adjacent to railroad premises by fire spreading from the railroad's premises because of explosives and inflammables in cars in freight yards, evidence of Interstate Commerce Commission regulations regarding isolation of cars in case of fire *held* admissible.

**7. Carriers ⊕⇒123—Where shipper and carrier are negligent, carrier's concurring negligence makes it liable.**

Where shipper and carrier are guilty of negligence, the concurring negligence of the carrier will make it responsible for resulting loss.

**8. Carriers ⊕⇒121—Where shipper alone causes fire, carrier is not responsible for resulting loss.**

Where a shipper alone causes fire, resulting in loss, there is no liability on the part of the carrier.

**9. Railroads ⊕⇒481(1)—Evidence, in action against railroad carrier of explosives for spreading fire, that its agent considered detectives were hired by consignee, held inadmissible.**

In action against a railroad for loss of aluminum stored on a third person's premises adjacent to the railroad terminal from fire spreading from the railroad's premises through explosion of inflammables and ammunition in cars, evidence that the defendant's agent considered that detectives were hired by plaintiff to prevent explosion or fire, and that defendant's liability was therefore lessened, *held* inadmissible.

**10. Railroads ⊕⇒481(1)—Railroad's evidence of experience of detectives guarding explosives and inflammables held admissible, where it was not shown they were in plaintiff's employ.**

In action against a railroad for loss of aluminum stored on premises of another adjacent to the railroad's terminal by fire spreading from such terminal through explosion of ammunition and inflammable substances in cars, where it was railroad's theory that owner of aluminum, who was also consignee of explosives, hired detectives to guard its property, and hence lessened the carrier's liability, evidence of the experience of the detectives was inadmissible, where it was not shown they were employed by the owner and consignee.

**11. Carriers ⊕⇒107—Care taken by shipper to guard its property held not to lessen carrier's burden of care.**

Additional care taken by shipper to guard its property *held* not to lessen the burden of care incumbent on the carrier.

**12. Railroads ⊕⇒481(1)—Whether railroad's foreman knew barge would tie up near terminal with explosives held irrelevant on issue of railroad's responsibility for fire spreading.**

In action against railroad for loss of aluminum by fire spreading from railroad's premises, whether defendant's foreman knew that a barge loaded with explosives would tie up at the pier near its terminal *held* irrelevant.

In Error to the District Court of the United States for the Southern District of New York.

Action No. 2 by the State of Russia against the Lehigh Valley Railroad Company to recover damages for negligence due to a fire, resulting in the destruction of the plaintiff's property. Judgment for the plaintiff. Defendant brings error. Affirmed.

Hornblower, Miller & Garrison, of New York City (Charles A. Boston, of New York City, George S. Hobart, of Newark, N. J., and Nash Rockwood, Edgar H. Boles, and Richard W. Barrett, all of New York City, of counsel), for plaintiff in error.

Coudert Bros., of New York City (Frederick R. Coudert, Hartwell Cabell, Mahlon B. Doing, and Blaine F. Sturgis, all of New York City, of counsel), for the State of Russia.

Charles Recht and Osmond K. Fraenkel, of amici curiæ.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge. As a result of the fire referred to in action No. 1 between these parties, a decision in which is rendered to-day (21 F.[2d] 396), a warehouse in which aluminum, property of the defendant in error was stored, was destroyed. The jury, in answer to a special question, found the fire to have been caused by the sole proximate negligence of the plaintiff in error. On this writ the plaintiff in error has assigned 362 errors. We will not consider them all, but only briefly such as require discussion.

The questions of the jurisdiction of the court and the right of the defendant in error to maintain this action have been considered fully in action No. 1, and for the reasons there stated the errors assigned here in regard to those questions are overruled.

The warehouse in which the aluminum owned by the defendant in error was located was adjacent to the terminal of the railroad company, and it caught fire as the fire progressed in the railroad yards. The fire occurred under the circumstances disclosed in the opinion in action No. 1. The specific questions submitted to this jury are also referred to in that opinion. The jury assessed

the damages in the sum of $3,000, concluding that plaintiff in error was guilty of negligence and its negligence was the sole proximate cause of the damage.

Unless there were errors committed in the admission or rejection of evidence, or in the charge of the trial court, we must affirm this judgment. The jury found in favor of the railroad company on claims as to shipments of munitions which were on barges and which were destroyed in this catastrophe.

[1] We have pointed out in the opinion in action No. 1 that the Johnson Lighterage Company was an independent contractor, and for its acts, if it were guilty of a nuisance, this defendant in error was not responsible. The fact that this action is based upon a theory of liability for negligence, rather than the common-law liability of the carrier for failure to deliver, does not change the rule or the relationship between the Johnson Lighterage Company and the defendant in error.

[2, 3] Error is assigned in the court's refusal to charge that the Interstate Commerce Commission rules are the exclusive measure of duty which the railroad company owed in respect to the transportation of the explosives, and exceptions are taken to the refusal to charge that there is no proof of negligence on the part of the railroad company in collecting and accumulating explosives and inflammables in its railroad terminal. The Interstate Commerce Commission rules and regulations as to explosives did not supersede the common-law liability of the carrier, and they are not the sole measure of the railroad company's responsibility. There was evidence of negligence on the part of the railroad company which required the trial judge to submit questions to the jury for their determination. We cannot weigh the sufficiency of that evidence. Herencia v. Guzman, 219 U. S. 44, 31 S. Ct. 135, 55 L. Ed. 81; Humes v. United States, 170 U. S. 210, 18 S. Ct. 602, 42 L. Ed. 1011; Fidelity & Deposit Co. of Md. v. Lehigh Valley R. Co. (C. C. A.) 275 F. 922, 928.

[4] The court properly charged that:

"The fact that there is a Jersey City fire department and the fact that the Jersey City fire department had jurisdiction—that is, the fact that this property was within the jurisdiction of the Jersey City fire department—does not permit the defendant to say: 'Well, we have a city fire department here; we do not have to do anything.' It is for you to say whether, in the exercise of reasonable care, in the light of this situation, this defendant could rely upon the Jersey City fire department altogether; or had to act itself and do other things."

This left to the jury the question of the care and caution which the plaintiff in error was obliged to exercise in the matter of the supply and maintenance of fire apparatus, and in effect instructed the jury that they might say that the railroad company could not rely solely upon the fire department of the municipality of Jersey City. It likewise disposed of the contention that there was some legal duty on the part of the defendant in error to furnish its own fire protection. Under the circumstances and proofs, the jury might have found the plaintiff in error negligent for failing to furnish fire protection, apparatus and equipment to put out the fire after it started. It also was a question for the jury to determine whether or not the plaintiff in error was negligent under the proofs in not properly guarding the property against intrusions of unauthorized persons, particularly since the fire was incendiary in origin, and to grant the request to charge, which would eliminate this from consideration of the jury, would have been erroneous. Lehigh Valley R. Co. v. Allied Machinery Co. (C. C. A.) 271 F. 903.

The court did charge that, if the Johnson Company was negligent, and if this negligence was the sole and proximate cause of the fire, the plaintiff in error would not be liable. All the evidence which the plaintiff in error offered tending to show negligence on the part of the Johnson Company in its loading of the T N T and detonators, was submitted to the jury, as was the question of proximate cause, under a full and clear charge.

[5-8] Nor was it error to admit in evidence the contract of October, 1915, under which the work was done by the Johnson Company. The theory of this objection is that the Johnson Company was not a person legally qualified to make a contract to transport explosives, because it had not received a Jersey City municipal license. This did not render the contract excludable. Inquiry was made of a witness as to the provisions of the Interstate Commerce Commission as to the regulations regarding the isolation of cars in the event of fire. This evidence was proper, in view of the rule of law that, if a shipper and carrier were guilty of negligence, the concurring negligence of the latter would make it responsible; where-

as, if the shipper alone caused the fire, there would be no liability on the part of the carrier. It was proper to show negligence on the part of the carrier as one of the contributing causes to the loss, to entitle defendant in error to recover.

[9-11] The claim that the plaintiff in error should have been permitted to show that its agent considered the detectives an added precaution of the defendant in error, and therefore in some way excused the plaintiff in error from its obligation, did not make such evidence admissible. Nor 'was the knowledge, experience, or reputation of the Dougherty detectives of importance, because there was no evidence to show that they were in any way in the employ of the defendant in error. Additional care taken by the shipper, if it did so, to guard its property, did not in any way lessen the burden of care incumbent upon the carrier.

[12] Whether or not the foreman of the plaintiff in error at the terminal on the night of the disaster knew that the Johnson No. 17 was going to tie up at the pier near the terminal with a dangerous load of explosives was irrelevant. The railroad company was obliged at all times to protect the property intrusted to its care.

Other errors assigned and argued, involving the admission and exclusion of evidence, we have examined, and we discover no ruling which is erroneous and prejudicial. The substantial rights of the plaintiff in error were protected in a protracted trial, and the charge was free from error.

Judgment affirmed.

L. HAND, Circuit Judge (concurring). The facts do not seem to me to require us to commit ourselves as to two questions, on which, for that reason, I express no opinion. These are: First, whether "owner's risk," adds anything to "shipper's load and count"; the second, whether the clause "act or default of the owner" includes only those cases in which the shipper is the sole cause of the loss.

Otherwise I concur.