**GILLESPIE et al. v. HONGKONG & SHANGHAI BANKING CORPORATION.**

Circuit Court of Appeals, Ninth Circuit.
January 9, 1928.

No. 5190.

Appeal and error ⬡⟺268(2)—Insufficiency of testimony to support special findings cannot be reviewed, where findings were not excepted to (Jud. Code, § 269, as amended in 1919 [28 USCA § 391]).

Where assignments of error are all based on insufficiency of testimony to support special findings, but findings themselves are not excepted to, and insufficiency of testimony to support them was not challenged in court below, there is no question before Circuit Court of Appeals for review, notwithstanding 1919 amendment to Judicial Code, § 269 (28 USCA § 391 [Comp. St. § 1246]), and fact that writ of error was to United States Court for China.

In Error to the United States Court for China; Milton D. Purdy, Judge.

Action by the Hongkong & Shanghai Banking Corporation against John Thomas Gillespie and another, carrying on business under the firm name and style of L. C. Gillespie & Sons. Judgment for plaintiff, and defendants bring error. Affirmed.

H. H. McPike, of San Francisco, Cal. (Frank J. Hogan, of Washington, D. C., Herman Goldman and Elkan Turk, both of New York City, and Benjamin Wiener, of Brooklyn, N. Y., of counsel), for plaintiffs in error.

Garret W. McEnerney, of San Francisco, Cal. (Davies & Bryan, of Shanghai, China, and Andrew F. Burke, of San Francisco, Cal., of counsel), for defendant in error.

Before GILBERT, RUDKIN, and DIE-TRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of the United States Court for China in favor of the plaintiff, based on special findings of fact. The assignments of error are all based on the insufficiency of the testimony to support some of the special findings, but the findings themselves were not excepted to, and the suf-.ficiency of the testimony to support them was not challenged in the court below. On such a record it is firmly settled, if a question of practice and procedure can ever be settled, that there is no question before this court for review. In Macomber v. Goldthwaite (C. C. A.) 22 F.(2d) 638, decided by this court as late as November 7, 1927, we said:

"But, of the matters included in the assignments, few are before us for review, for it is thoroughly well established that, where a jury is waived and trial is had to the court, and special findings are made, in the absence of a request for special findings of fact and of exceptions reserved, based on the ground that special findings made by the court have no evidence to support them, and of exceptions to the conclusions of law drawn by the court from the facts found, the appellate court cannot review the decision of the trial court upon the merits"—citing Fleischmann Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; Dangberg L. & L. Co. v. Day (C. C. A.) 247 F. 477; Pabst Brewing Co. v. E. Clemens Horst Co. (C. C. A.) 264 F. 909; Allen v. Cartan & Jeffrey Co. (C. C. A.) 7 F.(2d) 21; First Nat. Bank v. Litteer (C. C. A.) 10 F.(2d) 447; Thompson-Starrett Co. v. La Belle Iron Wks. (C. C. A.) 17 F.(2d) 537; Southern Pac. Co. v. Kalbaugh (C. C. A.) 18 F. (2d) 837.

A wealth of authority from other circuits might be cited, but, as already stated, the rule is too firmly established to admit of further controversy. Writs of error to the United States Court for China form no exception to the rule (China Press v. Webb [C. C. A.] 7 F.[2d] 581; Wulfsohn v. Russo-Asiatic Bank [C. C. A.] 11 F.[2d] 715), nor has the practice been changed or affected by the 1919 amendment to section 269 of the Judicial Code (28 USCA § 391 [Comp. St. §' 1246]; Bilboa v. United States [C. C. A.] 287 F. 125; Taylor v. United States [C. C. A.] 2 F.[2d] 444; Feinberg v. United States [C. C. A.] 2 F.[2d] 955; Damico v. Firemen's Fund Ins. Co. [C. C. A.] 5 F.[2d]

318; Allen v. Cartan & Jeffrey Co., supra; Edwards v. United States [C. C. A.] 7 F. [2d] 357). Indeed, many of the cases to which we have referred were decided long after the enactment of that amendment. In Lewellyn v. Electric Reduction Co., 48 S. Ct. 63, 72 L. Ed. ——, decided November 21, 1927, just prior to the submission of this case, the Supreme Court said:

"A trial by jury having been waived in writing, our review in this case is limited to the sufficiency of the facts specially found to support the judgment, and to the rulings excepted to and presented by the bill of exceptions (Rev. Stat. §§ 649, 700 [28 USCA §§ 773, 875; Comp. St. §§ 1587, 1668]; Fleischmann Co. v. U. S., 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624), and we are without power to grant a new trial except for error thus presented."

There being no question before us for review, the judgment of the court below must be affirmed; and it is so ordered.