## PEOPLE'S BANK OF KEYSER, W. VA., v. INTERNATIONAL FINANCE CORPORATION.

Circuit Court of Appeals, Fourth Circuit.
January 14, 1929.

No. 2762.

Charles J. Faulkner, of Martinsburg, W. Va., and Charles N. Finnell, of Keyser, W. Va., for appellant.

Hugh H. Obear, of Washington, D. C. (R. A. Welch, of Keyser, W. Va., and Douglas, Obear & Douglas, of Washington, D. C., on the brief), for appellee.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PARKER, Circuit Judge. This was an action at law instituted in the court below to recover on a negotiable certificate of deposit issued by the defendant bank. The International Finance Corporation was plaintiff there, and the People's Bank of Keyser, W. Va., was defendant. They will be so designated in this opinion. A plea of non est factum was entered, and as a special ground of defense it was alleged that the certificate was signed by defendant's cashier without authority. A jury trial was duly waived in writing, and the case was heard before the District Judge, who found in favor of plaintiff and entered judgment accordingly.

From this judgment, defendant has appealed, assigning errors in the findings and holdings of the court.

With respect to the errors assigned, it does not appear that the sufficiency of the evidence was challenged by motion to find for defendant on the ground that it was insufficient, or in any other way. Defendant says that it requested findings by the court as to certain matters; but we have examined a copy of the paper relied upon as such request, and we do not think that it can be said to have challenged in any way the sufficiency of the evidence. The judge, at the end of a lengthy opinion, in which he reviewed and analyzed the evidence, responded to the request for findings by making separately numbered and paragraphed findings of fact. These were to the effect that plaintiff was the holder in due course for value and without notice of infirmity of the certificate of deposit sued on; that defendant's cashier, Leps, had authority to execute such certificates; that the certificate was not a forgery; and that defendant was estopped from setting up the defense of forgery. The opinion containing these findings was signed by the judge and was by order made a part of the record in the cause. Judgment was duly entered for plaintiff in accordance with the findings, and the only exception taken was a general exception to the judgment. The assignments of error filed at the time of petitioning for the appeal are based upon nothing except this general exception.

In the record is included a transcript of the testimony in narrative form, certified by the judge, and evidently intended to perform the office of a bill of exceptions in bringing before us the evidence heard by the trial court. From this it appears that the certificate of deposit was issued by Leps, the cashier of defendant, to one Segal, and was in the regular form of time certificates of deposit issued by defendant. It was signed by Leps as cashier, and recited that Segal had deposited $10,000, payable to the order of himself, with interest at 3 per cent. per annum, in 120 days, on return of the certificate properly indorsed. It was dated December 30, 1921. On January 7, 1922, it was offered for sale to plaintiff, a corporation engaged in commercial banking and discounting. Before purchasing it, however, plaintiff telegraphed defendant, making inquiry as to whether there was any reason that it should not be paid, and received a letter from defendant, signed by Leps as cashier, stating that it would be met promptly at maturity, but would not be accepted on demand. The certificate was then indorsed by Segal and purchased by plaintiff.

There was testimony on the part of defendant that Segal had made no deposit of funds with defendant at the time the certificate was issued, and that its issuance by the cashier was for this reason without authority. There was further testimony showing that the cashier had issued certificates to Segal to the total amount of $160,000, taking from him notes secured by bonds of a sugar refining company; that these transactions were not entered upon the books of the bank, but were concealed from its other officers; and that the notes and bonds were not kept among the other papers of the bank, but were kept by the cashier in his private drawer. There is no evidence, however, that plaintiff knew anything of this conduct on the part of the cashier, or had any reason to suspect that the certificate was not regularly and properly issued, or that in issuing it the cashier was not properly exercising the authority which he was held out by the defendant as possessing.

The first question which arises on this record is the extent of our power to review the decision of the court below. It is well settled that in a law case we have no power to review the evidence or to reverse findings of fact on the ground that they are not supported by the weight thereof. Where the question is properly raised, we do have the power to pass upon the question as to whether there is any substantial evidence to support the verdict or findings, for this is a question of law; but, for such question to be passed upon here, it must have been raised properly in the court below. As stated, that was not done in this case. The fact that a jury trial was waived does not affect the matter; for in such case, if defendant wishes to challenge generally the sufficiency of the evidence, he should move for a finding in his favor on the ground of its insufficiency, and should note an exception to the refusal of the motion, just as though the trial were had before a jury. Allen v. New York, P. & N. R. Co. (C. C. A. 4th) 15 F.(2d) 532. If it is thought that certain facts essential to the case of the opposition have not been established by sufficient evidence, it is necessary, not merely to request special findings but to except specifically to any findings objected to. Where the findings are not thus excepted to, and the sufficiency of the evidence to support them is not challenged, in the court below, assignments of error based on the in-

sufficiency of the testimony present nothing for us to review. Fleischmann Const. Co. v. U. S., 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; Gillespie v. Hongkong & Shanghai Banking Corporation (C. C. A. 9th) 23 F.(2d) 670; Lahman v. Burnes Nat. Bank (C. C. A. 8th) 20 F.(2d) 897; Humphreys v. Third Nat. Bank (C. C. A. 6th) 75 F. 852.

The rule stated by Judge Taft in the case last cited, and quoted with approval in the Fleischmann Case, supra, is as follows:

"He should request special findings of fact by the court, framed like a special verdict of a jury, and then reserve his exceptions to those special findings, if he deems them not to be sustained by any evidence; and if he wishes to except to the conclusions of law drawn by the court from the facts found he should have them separately stated and excepted to. In this way, and in this way only, is it possible for him to review completely the action of the court below upon the merits."

 Although we cannot, in the absence of proper exceptions, review the sufficiency of the evidence to sustain the findings, we can, where the judge makes special findings, review the sufficiency of the findings to sustain the judgment. R. S. § 700; 28 USCA § 875. It is said that there are no special findings in this case; but we think that the findings set forth at the end of the opinion, and separately paragraphed and numbered, should be treated as special findings within the meaning of the statute. It is settled, of course, that the opinion of the judge, dealing generally with the issues of law and fact and giving the reasons for his conclusion, is not a special finding of facts within the meaning of the statute. Fleischmann v. U. S., supra, 270 U. S. at page 355, 46 S. Ct. 284, 70 L. Ed. 624. But we do not think that such a finding of facts as we have here is to be ignored merely because it is put at the end of the opinion of the court, instead of in a separate instrument, especially in view of the fact that the opinion was by order made a part of the record in the case. But, when we consider these as special findings, we are not authorized to inquire whether they are supported by the evidence, for, as we have pointed out, this question was not raised in the court below, but our inquiry is limited to whether the findings themselves support the judgment. Jennisons v. Leonard, 21 Wall. 302, 307 (22 L. Ed. 539); Tyre & Springs Works Co. v. Spalding, 116 U. S. 541, 546, 6 S. Ct. 498 (29 L. Ed. 720). That the findings here

do support the judgment is too clear for discussion.

 Although we have reached the conclusion that upon the record the question as to the sufficiency of the evidence is not presented, we deem it not amiss to say that we have examined the record carefully, and we think that the conclusion of the learned trial judge was amply supported by the evidence. Assuming that the issuance of the certificate was without authority on the part of Leps, we think that upon the facts shown the bank is precluded from setting up such want of authority. Leps was its cashier. He had the authority to accept deposits and issue time certificates therefor. Although it was an abuse of the trust reposed in him to issue a certificate of deposit when no deposit had been received, plaintiff had no notice that he had done so, or reason to believe that there was any irregularity in its issuance. Having held out the cashier as having authority to issue such certificates, defendant ought not be heard to dispute that authority as against one who has reasonably acted in reliance thereon. It is a clear case for the application of the rule of Lickbarrow v. Mason, 2 Term Rep. 70: "Wherever one of two innocent parties must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it." For, as was well said by Lord Holt in Hearn v. Nichols, 1 Salk. 289: "For, seeing somebody must be a loser by this deceit, it is more reason that he who employs and puts a trust and confidence in the deceiver should be a loser than a stranger." See, also, Merchants' Nat. Bank v. State Nat. Bank, 10 Wall. 604, 646 (19 L. Ed. 1008); John W. Gleason v. S. A. L. Ry. Co., 49 S. Ct. 161, 73 L. Ed. ——— (decided Jan. 2, 1929). Atlantic Life Ins. Co. v. Rowland (C. C. A. 4th) 22 F. (2d) 126; Norton v. City Bank & Trust Co. (C. C. A. 4th) 294 F. 839, 845; Havens v. Bank of Tarboro, 132 N. C. 214, 43 S. E. 639, 95 Am. St. Rep. 627; First Nat. Bank of Parkersburg v. Johns, 22 W. Va. 526, 535, 46 Am. Rep. 506.

The real question involved here, however, is not a question of authority, but of abuse of authority. It is not disputed that the cashier had authority to issue certificates of deposit in the name of the bank. The question is whether the fact that he fraudulently abused this authority and wrongfully issued such certificates, when no deposits had been received, is a defense against a bona fide holder for value. We think not. The rule is well settled that, where a transaction prop-

erly pertains to the business of the bank, the fraud or bad faith of the managing officers constitutes no defense as against an innocent party. Mitchell v. Easton, 37 Minn. 335, 33 N. W. 910; Citizens' Sav. Bank v. Blakesley, 42 Ohio St. 645, 654; Barnes v. Ontario Bank, 19 N. Y. 152. As said by the Supreme Court of the United States in Merchants' Nat. Bank v. State Nat. Bank, supra:

"Those dealing with a bank in good faith have a right to presume integrity on the part of its officers, when acting within the apparent sphere of their duties, and the bank is bound accordingly."

When we remember that the bank's certificate of deposit is in effect a promissory note (Miller v. Austen, 13 How. 218, 228 [14 L. Ed. 119]), the case of City National Bank v. Chemical Nat. Bank (C. C. A. 5th) 80 F. 859, is seen to be directly in point. That was a suit by the Chemical Bank against the City Bank on certain promissory notes executed by the cashier of the latter in its name. It appeared that the proceeds of the notes were used by the cashier for his own benefit, and that in order to induce the Chemical Bank to accept them he had forged signatures of officers of the bank to resolutions authorizing the obtaining of the loans. In holding the bank liable upon the notes, the Circuit Court of Appeals of the Fifth Circuit, speaking through Judge Newman, said:

"In this case the negotiations and all the correspondence were such as might well lead the officers of the Chemical Bank to believe that Brice was acting on full authority, with perfect good faith and honest intention. The transaction with the Chemical Bank being, as we have stated, within the general scope of the duties of a bank cashier, and Brice having been placed by the authorities of the City Bank in a position and afforded facilities to enable him to make these loans as its representative, we do not see how the court could have done otherwise than direct a verdict, as it did, in favor of the plaintiff on these notes."

What was said by the Court of Appeals of New York in Phillips v. Mercantile National Bank, 140 N. Y. 556, 35 N. E. 982, 23 L. R. A. 584, 37 Am. St. Rep. 596, is apropos here. In that case the cashier of a bank in South Carolina had drawn checks against its account in a New York bank to fictitious payees and had used the proceeds for the purpose of speculating in stocks. The question was whether these checks were chargeable against the account of the bank. The court said:

"It may be quite true that the cashier was not the agent of the bank to commit a forgery, or any other fraud of such a nature; but he was authorized to draw or check upon the bank's funds. If he abused his authority and robbed his bank, it must suffer the loss. The distinction between such a case and the many other cases, which the plaintiff's counsel cites from, is in the fact that it was within the scope of this cashier's powers to bind the bank by his checks. In transmitting them, made out and indorsed as they were, the bank was so far concluded by his acts as to be estopped from now denying their validity."

Defendant relies upon the decision in Merchants' Bank & Trust Co. v. People's Bank of Keyser, 99 W. Va. 544, 130 S. E. 142. That case, however, is distinguishable from this, in that there it was held that the holder of the certificate did not sustain the burden of showing that it was a bona fide holder for value without notice, whereas there can be no question that that burden was met by the plaintiff here. The Floyd Acceptances, 7 Wall. 666, 19 L. Ed. 169, upon which defendant strenuously relies, has, we think, no application to a case such as this. That case dealt with bills of exchange drawn upon and accepted by the Secretary of War, involving in effect a loaning of the credit of the United States. It was held that as the Secretary of War had no authority to accept such instruments, they were void even in the hands of bona fide holders, as one who accepts such paper must look to the authority of the government official who executes it. It is clear that very different principles apply in transactions by the cashier of a bank who binds the bank, not only when acting within the actual scope of his authority, but also when acting within its apparent scope. Case v. Citizens' Bank, 100 U. S. 446, 454 (25 L. Ed. 695). We have given careful consideration to the other cases cited by the learned counsel for defendant, as well as to their brief and oral argument; but we see no error in the action of the lower court, even if upon the record we had the right to review the sufficiency of the evidence, which we have not.

For the reasons stated, the judgment of the District Court is affirmed.

Affirmed.