## HARRISON v. UNITED STATES.*
### No. 237.

Circuit Court of Appeals, Tenth Circuit.

Aug. 11, 1930.

Guy H. Sigler, of Ardmore, Okl., and P. M. Johnson, of Omaha, Neb., for appellant.

Philos S. Jones, Asst. U. S. Atty., of Muskogee, Okl. (Frank Lee, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge.

*Rehearing denied September 23, 1930.

This is an action at law brought by appellant to recover on a policy of war risk insurance.

The appellant alleged that he enlisted in the United States army on December 17, 1917, and served until he was honorably discharged at Camp Travis, Texas, on July 31, 1919; that he took out a policy of war risk insurance on April 9, 1918; that, in October, 1918, while in the military service, he received injuries which permanently disabled him. He prayed for judgment for installments of $28.75 per month from October, 1918.

The answer of the United States denied the injury and disability.

Trial by jury was duly waived by written stipulation and the cause came on for hearing before the court.

Appellant testified that, in October, 1918, he was engaged in taking up mines off the coast of the Philippine Islands; that an explosion occurred which rendered him unconscious for about one week; that, when he regained consciousness, he was in a hospital at Corrigidor, P. I.; that, after he had partially recovered, he was permitted to return to his company but remained under the care of physicians; that he was discharged from the army on July 31, 1919; that he had suffered from the effects of the explosion continuously since its occurrence; that he had been nervous, suffered from head noises and had had fits which rendered him unable to work. He also introduced other evidence tending to establish his inability to follow any substantially gainful occupation.

The government offered in evidence the "Report of Physical Examination of Enlisted Man Prior to Transfer to United States for discharge" of appellant, which contained, among other things, a "Declaration of Soldier," signed by appellant on June 10, 1919, which read, in part, as follows:

"Question. Have you any reason to believe that at the present time you are suffering from the effects of any wound, injury, or disease, or that you have any disability or impairment of health, whether or not incurred in the military service?

"Answer. No."

The trial court found the issues of fact in favor of the United States and entered judgment accordingly.

Counsel for the appellant contend that the evidence of the appellant was uncontradicted, that it established the allegations of his petition, and that he was entitled to judgment thereon as a matter of law.

Counsel for the appellant overlooked the above quoted admission, made about eight months after the alleged explosion and about seven weeks before his discharge in the United States. Appellant made no attempt to explain such statement. Appellant's testimony that he had suffered from the effects of the explosion continuously since its occurrence and his prior statement are in irreconcilable conflict. Since appellant was a party to the action, this statement not only impeached him but it constituted substantive evidence against him. Jones, Commentaries on Evidence (6th Ed.) §§ 2412, 2414.

It follows that the findings of the trial judge were supported by substantial evidence. In an action at law, alleged errors in the findings of the trial court are not reviewable here, when such findings are supported by substantial evidence. Dooley v. Pease, 180 U. S. 126, 131, 132, 21 S. Ct. 329, 45 L. Ed. 457; Howbert v. Penrose (C. C. A. 10) 38 F.(2d) 577, 578; Wabash Ry. Co. v. So. Daviess County Drainage Dist. (C. C. A. 8) 12 F.(2d) 909, 913, 914. In the trial of an action at law without a jury, the decision of a court upon the weight of conflicting evidence is not reviewable on appeal. Busch v. Stromberg-Carlson Tel. Mfg. Co. (C. C. A. 8) 217 F. 328, 330; People's Bank v. International Finance Corp. (C. C. A. 4) 30 F. (2d) 46, 47; Phœnix Ins. Co. v. Bakovic (C. C. A. 9) 2 F.(2d) 857; Lehigh Valley R. R. Co. v. State of Russia (C. C. A. 2) 21 F.(2d) 406, 408.

The judgment is affirmed.