**CAREY et al. v. UNITED STATES.**

**No. 924.**

Circuit Court of Appeals, Tenth Circuit.

March 21, 1934.

N. E. McNeill, of Tulsa, Okl. (Philip J. Kramer, of Tulsa, Okl., on the brief), for appellants.

Randolph C. Shaw, Sp. Asst. to Atty. Gen. (Clarence E. Bailey and A. E. Williams, U. S. Attys., both of Tulsa, Okl., and John M. George, Atty., Department of Justice, of Washington, D. C., on the brief), for the United States.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

Alma A. Carey, individually, as next of kin of Martha Jane Carey a minor, and as administratrix of the estate of Dennis J. Carey, brought this suit to recover on a policy of war risk insurance. Trial by jury was duly waived, and the cause tried to the court. At the close of the evidence counsel for both parties moved for judgment. The court found that Dennis J. Carey was not totally and permanently disabled at the time his policy of war risk insurance lapsed, and entered judgment for the United States.

Carey enlisted in the Army on July 24, 1917, and was discharged May 2, 1919. He received a $10,000 policy of war risk insurance, and paid the premiums thereon until his discharge. He was gassed during the engagement at Argonne, and became ill at Verdun. His symptoms were pallor and loss of weight. The usual statements, certifying as to his good health, were signed by him at the time of discharge, but he was then thin, pale, and had a cough. About September, 1919, his father established him in the grocery business with a man by the name of Powers. All of the heavy work was done by Powers. They ran the business for two or three months and then closed down partially because of busi-

ness conditions. Carey stayed at home during the winter of 1919–1920. He had no appetite, very little energy, and coughed considerably. His condition improved and he worked for the Kansas City Public Service Company as a cashier from July, 1920, to January 27, 1921. He married plaintiff on February 2, 1921. In April, 1921, he became ill, suffered from night sweats, and was confined to his bed for several weeks. In July, 1921, he went to Texas for his health. His condition grew worse, and during the latter part of August, 1921, he returned to Kansas City and consulted Dr. Miller. His health improved, and in June, 1923, he went to work for the Kansas City Gas Company. He left the employ of that company in February, 1924, because of illness. Immediately thereafter he was taken to Arizona, where he was bedridden until December 5, 1924, when he died of pulmonary tuberculosis.

Doctor Miller testified that he first examined Carey on August 27, 1921; that he had chronic pulmonary tuberculosis, and in his opinion had been suffering therefrom for at least a year; and that he treated him until December 27, 1922. The United States introduced an affidavit of Dr. Miller, dated March 18, 1924, wherein Dr. Miller stated that he had treated Carey up until November 29, 1922, and at that time his tubercular symptoms had all disappeared and he had returned to a normal state of health.

Dr. Denman testified that he examined Carey on February 23, 1924, and at that time he had advanced tuberculosis.

Dr. Shepard, who had never seen Carey but had heard all the testimony, stated that in his opinion Carey was suffering from active pulmonary tuberculosis, and was totally and permanently disabled at the time of his discharge from the Army. Upon cross-examination the statements contained in the affidavit of Dr. Miller were called to the attention of Dr. Shepard, and the latter admitted that in forming his opinion he would have to give the same force to those statements as to the other statements of Dr. Miller with respect to Carey's condition.

There is some evidence that Carey was suffering from pulmonary tuberculosis when he was discharged from the Army, but the burden was on plaintiff to establish that it resulted in Carey's total and permanent disability on or before June 30, 1919. United States v. Thomas (C. C. A. 10) 64 F.(2d) 245; United States v. Rentfrow (C. C. A. 10) 60 F.(2d) 488; Roberts v. United States (C. C. A. 10) 57 F.(2d) 514; Nicolay v. United States (C. C. A. 10) 51 F.(2d) 170.

The only evidence tending to establish that fact was the testimony of Dr. Shepard, who modified his opinion when his attention was called to the statements in the affidavit of Dr. Miller, and there was substantial evidence to the contrary.

Carey's certificate of discharge showed that he was in good health when he left the Army. Dr. Miller stated in his affidavit that Carey's symptoms of tuberculosis had all disappeared, and that he had returned to normal health in November, 1922. There was a long delay in asserting the claim. Carey failed to assert a claim for a period of approximately five and one-half years after June 30, 1919. Almost seven years elapsed after Carey's death before plaintiff asserted any claim. These are circumstances properly to be considered.

In Lumbra v. United States, 54 S. Ct. 272, 276, 78 L. Ed. ——, decided January 8, 1934, the court said:

"Petitioner's long delay before bringing suit is to be taken as strong evidence that he was not totally and permanently disabled before the policy lapsed."

See, also, United States v. Hairston (C. C. A. 8) 55 F.(2d) 825, 827; Wise v. United States (C. C. A. 5) 63 F.(2d) 307, 308; United States v. Linkhart (C. C. A. 7) 64 F.(2d) 747, 748.

We conclude that there is substantial evidence to support the finding of the trial court.

Alleged errors in the findings of the trial court are not reviewable here, when such findings are supported by substantial evidence. We are not permitted to pass upon the weight of conflicting evidence. Harrison v. United States (C. C. A. 10) 42 F.(2d) 736; White v. United States (C. C. A. 10) 48 F.(2d) 178; United States v. Fitzpatrick (C. C. A. 10) 62 F.(2d) 562.

Affirmed.