### KERNS v. UNITED STATES.
### No. 1103.

Circuit Court of Appeals, Tenth Circuit.
Nov. 30, 1934.

Roger L. Stephens, Warren K. Snyder, and Fred L. Hoyt, all of Oklahoma City, Okl., for appellant.

Wm. C. Lewis, U. S. Atty., and Geo. E. Massey, Jr., Asst. U. S. Atty., both of Oklahoma City, Okl.

Before PHILLIPS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

PHILLIPS, Circuit Judge.

Kerns was charged by an indictment containing five counts, with violations of 12 USCA § 592. A demurrer interposed as to each count was overruled. Kerns was convicted on the first four counts and acquitted

on the fifth. The only question presented on this appeal is the sufficiency of the indictment.

12 USCA § 592, in part reads as follows:

"Any officer, director, agent, or employee of any Federal reserve bank, or of any member bank as defined in sections 221 to 225 of this title, who embezzles, abstracts, or willfully misapplies any of the moneys, funds, or credits of such Federal reserve bank or member bank, * * * with intent in any case to injure or defraud such Federal reserve bank or member bank, * * * and every person who, with like intent, aids or abets any officer, director, agent, employee, or receiver in any violation of this section shall be deemed guilty of a misdemeanor."

18 USCA § 550, reads as follows:

"Whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal."

18 USCA § 556, reads as follows:

"No indictment found and presented by a grand jury in any district or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant."

█ The test of the sufficiency of the indictment is whether it contains the elements of the offense intended to be charged and is sufficiently definite to apprise the defendant of what he must be prepared to meet and to support a plea of autrefois acquit against another charge of the same offense.[1]

█ Each of the first four counts pleaded a different check and a different date, but in substance each alleged that on a specific date "while acting as cashier, agent and employee of said banking institution as aforesaid, the said Leland R. Carlberg aided and abetted by Floyd G. Kerns, without the knowledge or consent of The First National Bank, Kingfisher, Oklahoma, its officers or directors, did then and there unlawfully, knowingly, wilfully and feloniously, and with intent to injure and defraud said banking association. misapply and. convert to their own use and benefit certain of the monies, funds and credits of the said The First National Bank, Kingfisher, Oklahoma, in the sum of five thousand dollars ($5,000.00) in manner and form as follows: That on or about the 14th day of July, 1933, the aforesaid Floyd G. Kerns made, drew and executed one certain check on his account in The First National Bank, Kingfisher, Oklahoma, said check being in the sum of five thousand dollars ($5,000.00), bearing date of July 14, 1933, and being payable to Uhlmann Grain Company; that on the 15th day of July, 1933, at the banking house of The First National Bank, Kingfisher, Oklahoma, in the county, state and district aforesaid, Leland R. Carlberg, cashier of the said banking institution as heretofore set forth, honored the aforesaid check made, drawn and executed by Floyd G. Kerns in the manner heretofore related by executing draft No. 368 drawn on the Federal Reserve Bank of Kansas City, Missouri, in the sum of five thousand dollars ($5,000.00) said draft being drawn in favor of and being made payable to the Tradesmen's National Bank, Oklahoma City; that at the time of the honoring said check in the manner aforesaid, he, the said Leland R. Carlberg, then and there well knew that the account of the aforesaid Floyd G. Kerns in The First National Bank, Kingfisher, Oklahoma, was wholly insufficient to cover said check; that by reason of the execution and payment of the aforesaid check of Floyd G. Kerns in the amount of five thousand dollars ($5,000.00), the monies, funds and credits of The First National Bank, Kingfisher, Oklahoma, were then and there depleted and lost to said banking association to the extent of and in the sum of five thousand dollars ($5,000.00)."

---

[1] McNear v. United States (C. C. A. 10) 60 F.(2d) 861; Cochran and Sayre v. United States, 157 U. S. 286, 290, 15 S. Ct. 628, 39 L. Ed. 704; Rosen v. United States, 161 U. S. 29, 34, 16 S. Ct. 434, 480, 40 L. Ed. 606; Hagner v. United States, 285 U. S. 427, 431, 52 S. Ct. 417, 419, 76 L. Ed. 861.

In Hagner v. United States, supra, the court said:

"The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' "

While the indictment is loosely and inartificially drawn and is not to be commended, we think its intended meaning is plain, and that it meets the test above set out. It charges that "Carlberg aided and abetted by * ⁂ ⁂ Kerns * * ⁂ did * ⁂ * with intent to injure and defraud said banking association, misapply and convert to their own use and benefit certain of the monies, funds and credits of the said ⁂ ⁂ * bank."

We think it clear that the word "their" refers to both Carlberg and Kerns. So construed, the indictment charged that Carlberg acting as principal and Kerns as aider and abetter together misapplied and converted moneys, funds, and credits of the bank, and that they did so with the intent to defraud the bank. It further pleaded with particularity the means employed and the manner in which the offenses were committed. It contained every element of the offenses intended to be charged and was sufficiently definite to apprise Kerns of what he should be prepared to meet and to support a plea of autrefois acquit against a different charge for the same offenses.

We conclude that the indictment is sufficient, and the judgment is therefore affirmed.