### CASEBEER v. UNITED STATES.
No. 1420.

Circuit Court of Appeals, Tenth Circuit.

Jan. 16, 1937.

A. D. Weiskirch, Jr., of Topeka, Kan., for appellant.

Summerfield S. Alexander, U. S. Atty., and R. T. McCluggage, Asst. U. S. Atty., both of Topeka, Kan., for the United States.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

The record contains neither assignments of error nor bill of exceptions. The only question presented for review is the sufficiency of the indictment.

12 U.S.C.A. §§ 588a, 588b and 588c read as follows:

"*Definition* As used in section 588b of this title the term 'bank' includes any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States and any insured bank as defined in subsection (c) of section 264 of this title." 12 U.S.C.A. § 588a.

"*Robbery of bank; assault in committing or attempting to commit bank robbery*
"(a) Whoever, by force and violence, or by putting in fear, feloniously takes, or feloniously attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

"(b) Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not less than $1,000 nor more than $10,000 or imprisoned not

less than five years nor more than twenty-five years, or both." 12 U.S.C.A. § 588b.

*"Same; killing or kidnapping as incident to robbery* Whoever, in committing any offense defined in section 588b of this title, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be punished by imprisonment for not less than 10 years, or by death if the verdict of the jury shall so direct." 12 U.S.C.A. § 588c.

The indictment charged that on February 1, 1935, within the First Division of the District of Kansas, appellant and other named defendants, "did then and there feloniously and by force and violence and by putting in fear and by putting in jeopardy the lives of" certain named persons "and by and through the use of pistols and revolvers" take from certain named persons lawful money of the United States in the sum of two thousand one hundred and thirty-three dollars, which was then and there in the "care, custody, control, management and possession of the First National Bank of Smith Center, Kansas," which was then and there "a bank incorporated, organized and doing business under and by virtue of the laws of the United States" and a member of the Federal Reserve System; and that the appellant and other named defendants "in attempting to and in committing said robbery and in attempting to avoid apprehension for the commission" of such offense did then and there feloniously force certain named officers and employees of such bank without their consent, to accompany the defendants for a distance of three miles from Smith Center.

Appellant challenged the indictment by a pleading designated "special demurrer and motion to quash," predicated on these grounds: (1) That the indictment is indefinite and uncertain; (2) that it is duplicitous in that it charges in one count three distinct and separate offenses; (3) that it charges in one count a capital offense and two separate and distinct felonies; and (4) that there is a misjoinder therein of separate and distinct counts.

■ Congress may make each separate step in a transaction a distinct offense. Slade v. United States (C.C.A.10) 85 F.(2d) 786, 791; Schultz v. Biddle (C.C.A.8) 19 F.(2d) 478, 480.

■ Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses, is whether each requires proof of a fact which the other does not. Schultz v. Zerbst (C.C.A.10) 73 F.(2d) 668; Curtis v. United States (C.C.A.10) 67 F.(2d) 943, 947; Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306; Morgan v. Devine, 237 U.S. 632, 641, 35 S.Ct. 712, 59 L.Ed. 1153; Ebeling v. Morgan, 237 U.S. 625, 631, 35 S.Ct. 710, 59 L.Ed. 1151; Gavieres v. United States, 220 U.S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489.

■ Subdivision (b) of section 588b, supra, defines an offense made up of the elements of any one of the offenses defined in subdivision (a) of section 588b and the additional element defined in subdivision (b) thereof. Section 588c defines an offense made up of the elements of any one of the offenses defined in section 588b and the additional element defined in section 588c. Hence in charging an offense defined in section 588c it is necessary to allege all the elements of an offense defined in section 588b and the additional element defined in section 588c. The indictment in the instant case charges all the elements of an offense defined in section 588b and the additional element defined in section 588c. By the addition of the latter element it brings the charge strictly within the purview of section 588c.

The offense charged in section 588c includes an element not included in the offenses defined in section 588b. Hence the offense defined in the former is separate and distinct from the offenses defined in the latter. The indictment charges all of the several elements that make up the offense defined in section 588c. It does not charge any of the offenses defined in section 588b merely because it is broad enough to include them since by including the additional element of the offense defined in section 588c it shows it is predicated on that section and is intended to charge only the offense defined therein. It is not duplicitous.

■ The indictment pleaded the essential facts with sufficient certainty to apprise appellant of what he would be required to meet, to enable him to prepare his defense and to support a plea of former acquittal or conviction as a bar to a further prosecution for the same offense. It is sufficient in law and fact. Rude v. United States (C.

670

C.A.10) 74 F.(2d) 673, 676; Kerns v. United States (C.C.A.10) 74 F.(2d) 351, 352; Foster v. United States (C.C.A.10) 76 F.(2d) 183, 184; Havener v. United States (C.C.A.10) 49 F.(2d) 196, 198; Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861; United States v. Hess, 124 U.S. 483, 486, 8 S.Ct. 571, 31 L.Ed. 516.

The judgment is affirmed.