**RAWLS v. UNITED STATES.**
**No. 3492.**

Circuit Court of Appeals, Tenth Circuit.
July 7, 1947.

Don Anderson, of Oklahoma City, Okl., for appellant.

Cleon A. Summers, U. S. Atty, of Muskogee, for the United States.

Before PHILLIPS, BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

Rawls was charged by information containing two counts with violations of 12 U.S.C.A. § 588b, 50 Stat. 749. The first count charged that Rawls entered the First State Bank of Hulbert, Oklahoma, a state bank insured by the Federal Deposit Insur-

ance Corporation under 12 U.S.C.A. § 264, with intent to commit larceny therein. The second count charged that Rawls took and carried away $162, the property of such bank.

On April 15, 1946, Rawls appeared in open court, signed a waiver of indictment and consent to be prosecuted by information, and waived appointment of counsel by the court.

Rawls entered a plea of guilty to each count of the information and was sentenced to terms of imprisonment for ten years on count one and five years on count two, to run consecutively.

Thereafter, on September 24, 1946, Rawls filed a motion to vacate the judgment and sentence, setting up the following grounds:

"1. The judgment and sentence is void.

"2. The Court was without jurisdiction for reasons as follows:

"A. The defendant was forced to appear in Court without the benefit of counsel.

"B. Force and violence was used on the defendant in procuring his signature to a document purporting to be a waiver of his rights, therefore, any such 'waiver' is invalid because the said force and violence so used intimidated the defendant and made him physically and mentally ill and incompetent to intelligently waive counsel and other rights guaranteed by the Constitution of the United States of America.

"3. Sentence imposed is in excess of statutory maximum for the crime alleged in the information."

The motion was denied and this appeal followed.

Subsection (a) of § 2 of the Act of May 18, 1934, 48 Stat. 783, as amended by the Bank Robbery statute of August 24, 1937, 50 Stat. 749, 12 U.S.C.A. § 588b (a), upon which the information is based, provides in part: "(a) * * * whoever shall enter or attempt to enter any bank, * * * with intent to commit in such bank * * * any felony or larceny, shall be fined not more than $5,000 or imprisoned not more than twenty years, or both; or whoever shall take and carry away, with intent to steal or purloin, any property or money or any other thing of value exceeding $50 belonging to, or in the care, custody, control, management, or possession of any bank, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; * * *."

Such subsection, as amended, creates and defines four separate and distinct offenses. The first is an offense in the nature of robbery. The second is an offense in the nature of burglary, entry of a bank with intent to commit a felony or larceny therein, except that forcible entry is not made an element. The third and fourth are offenses in the nature of grand and petit larceny, respectively.[1]

Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses is whether each requires proof of a fact that the other does not.[2]

The evidence which would sustain the offense charged in the first count of the information, that is, entry of the bank with intent to commit larceny therein, would be insufficient and different from the evidence necessary to support the offense of taking and carrying away money from the bank, charged in the second count. It follows, therefore, that the two counts of the information charged separate and distinct offenses, for which the statute prescribes separate and distinct penalties. Congress may make each step in a transaction a distinct offense.[3]

The record of the proceedings at and prior to the arraignment recites these facts:

[1] Alford v. United States, 10 Cir., 113 F.2d 885, 887; Gilmore v. United States, 10 Cir., 124 F.2d 537, 539, 540; Wells v. United States, 5 Cir., 124 F.2d 334, 335.

[2] Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306; Gavieres v. United States, 220 U.S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489; Schultz v. Biddle, 8 Cir., 19 F.2d 478, 480; Schultz v. Zerbst, 10 Cir., 73 F.2d 668, 669; Casebeer v. United States, 10 Cir., 87 F.2d 668, 669; Lindsay v. United States, 10 Cir., 134 F.2d 960, 961.

[3] Casebeer v. United States, 10 Cir., 87 F.2d 668, 669; Slade v. United States, 10 Cir., 85 F.2d 786, 791; Schultz v. Biddle, 8 Cir., 19 F.2d 478, 480.

After the information had been read to Rawls, the trial judge advised him that a complaint had been filed before the United States Commissioner, charging him with the offense set forth in the information; that he had the right to be charged by indictment of a grand jury, but that, in any case, except one in which the death penalty may be imposed, an accused may, in open court, waive indictment in writing and consent to be tried on information; that one charged with an offense against the laws of the United States is entitled to the advice of counsel at all stages of the proceeding; that if he was unable to hire a lawyer, the court would appoint one to represent him; that he was entitled to the advice of counsel before pleading or taking any steps in the case; that if he entered into a writing waiving indictment and consenting to be charged by information, an information would be filed against him, and he would be called upon to plead thereto; that if he pleaded guilty, he would admit every material allegation contained in the information; that if he pleaded not guilty, it would entitle him to a trial by jury and the United States would have to prove the material allegations in the information, and that the issues would then be submitted to the jury; that if he was convicted, the court, not the jury, would fix the punishment. The court then said, "Now, then, do you want a lawyer before you proceed further?" Rawls said, "I do not."

The court then again explained to Rawls his right to be charged by indictment, his right to waive indictment and consent to be charged by information, and the effect of such waiver, and asked Rawls if he understood his rights. Rawls answered in the affirmative. The court then asked Rawls if he was willing to waive indictment and consent to be charged by information. Rawls answered in the affirmative.

■ Thus, it will be seen that the trial court fully complied with the requirements laid down in Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357; Foster v. People of State of Illinois, 67 S.Ct. 1716; and Palko v. State of Connecticut, 302 U.S. 319, 327, 58 S.Ct. 149, 82 L.Ed. 288.

■ As to Rawls' contention that the judgment and sentence were void because force and violence were used on him to the extent that he was mentally incompetent to waive counsel and other rights guaranteed to him by the Constitution of the United States, the trial court, on conflicting testimony, resolved those questions of fact against him. The findings of the trial court are supported by substantial evidence and are conclusive on this court.[4]

The judgment is, therefore, affirmed.

[4] Harrison v. United States, 10 Cir., 42 F.2d 736, 737; Carey v. United States, 10 Cir., 69 F.2d 766, 767; Furrow v. United States, 4 Cir., 46 F.2d 647, 648; People's Bank of Keyser, W. Va., v. International Finance Corporation, 4 Cir., 30 F.2d 46, 47.