Edgar Lee **RAWLS**, Appellant,

v.

**UNITED STATES** of America, Appellee.
No. 4914.

United States Court of Appeals
Tenth Circuit.

Oct. 12, 1954.

---

Edgar Lee Rawls, pro se.

Frank D. McSherry, Muskogee, Okl. (Harry G. Fender, Muskogee, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, MURRAH, Circuit Judge, and RITTER, District Judge.

PER CURIAM.

This is the third collateral attack by the appellant upon the sentences imposed upon him in the District Court of the Eastern District of Oklahoma. See Rawls v. United States, 10 Cir., 162 F.2d 798; and Rawls v. United States, 10 Cir., 166 F.2d 532. The sentences were imposed upon pleas of guilty to an information containing two counts charging violations of Section 588b, Title 12 U.S.C.A., 50 Stat. 749.

In this motion to vacate, appellant complains of denial of due process of law in that he was sentenced on the second count of the information without having entered a plea to such count. A transcript of the record at the time of sentence introduced at the hearing on this motion to vacate showed that the appellant and his co-defendant appeared in open court, and after refusing aid of counsel, expressly consented to be charged and prosecuted by information. Appellant stated to the court that he had read the information, and upon being asked if he desired time in which to plead, answered that he was ready. When asked how he pleaded, he stated, "I plead guilty."

When the trial court sentenced appellant to ten years on the first count and five years on the second count "to run consecutively", appellant inquired: "Could you make that run concurrently?" The court answered, "I could". The court then stated in effect that he would sentence the appellant's younger co-defendant to ten years on each count to run concurrently, but that "I wouldn't feel justified in letting yours run concurrently". Whereupon, the appellant stated, "the boy [co-defendant] has been overseas and I would like to see him get off lighter, he is entitled to it, thank you."

It is thus unmistakably plain that the appellant intelligently pleaded guilty to both counts to the indictment and the judgment of the trial court is affirmed.