**J. W. BATESON COMPANY, Inc., et al.,**
Appellants,

v.

**C. B. ROMANO et al., Appellees.**

No. 13687.

United States Court of Appeals
Sixth Circuit.

April 20, 1959.

Jere T. Tipton, Chattanooga, Tenn., Miller, Martin, Hitching & Tipton, Chattanooga, Tenn., on the brief, for appellants.

Clarenc Kolwyck, Chattanooga, Tenn., for C. B. Romano and others.

Dawson Hall of Whitaker, Hall & Haynes, Chattanooga, Tenn., for U. S. Fidelity & Guaranty Co.

W. A. Wilkerson, Chattanooga, Tenn., for Chattanooga Housing Authority.

Before MARTIN, Chief Judge, MILLER, Circuit Judge, and MATHES, District Judge.

PER CURIAM.

The general contractor and its sureties appeal from a judgment against them awarding recovery of $29,452.80 on the complaint of two subcontracting partners and their surety for claimed extras, and dismissing on the merits the third-party complaint over of the general contractor against the owner for such

amount as might be awarded on the sub-contractors' complaint.

The evidence adduced at the trial established beyond dispute that, after receiving the general contract for construction of a public housing project in Chattanooga, Tennessee, appellant contractor entered into a subcontract with appellee co-partners calling for performance by the latter of "all Clearing, Site Excavation, Filling And Grading Work, and all Landscape Work, in strict accordance with the plans * * * [and] specifications * * * for the total lump sum amount of * * * $82,000.00".

The subcontract expressly provided that: "It is the intention of this subcontract to include all work and material required by Division 1 'Excavating, Filling and Grading' of the Specifications, except that the lump sum price does not include any excavation for the building structure. * * * This subcontract also includes preparation of subgrade of site improvement items as specified in Division 21 'Site Improvement Work' * * * Subcontractor will recompact the waste area of fill as required by the specifications. Any large rocks now in this waste and any large rocks on top of the existing grade will not be used for fill inside the building lines".

No mention was made in the subcontract of the work of removal or disposal of debris and excess material. This is of significance when it is borne in mind that "any excavation for the building structure" was expressly excluded from the subcontract.

On the other hand, the general contract expressly obligated appellant contractor under a provision of the specifications entitled "Disposal", to: "Remove from the site, and dispose of, all debris and excavated materials not suitable or needed for fill"; and further, under a provision entitled "Deficiency or Excess of Fill Material", to: "Provide clean earth for requisite additional fill if a sufficient quantity of suitable material therefor is not available from the re-quired excavation on the site. Remove and dispose of all excess excavated material and material not suitable for fills".

In the course of construction it became necessary to remove debris in the form of 12,272 cubic yards of rock "not suitable or needed for fill". Appellee subcontractors did this removal work at the request of appellant contractor. The owner refused to allow the general contractor's claim for the removal work as an extra, and the contractor in turn refused payment of the subcontractors' claim therefor.

This action ensued upon the complaint of the subcontractors against the general contractor to recover for the claimed extra work, followed by the third-party complaint over of the contractor against the owner. Deeming the subcontract to be ambiguous on the point, the District Court found that appellee subcontractors were not obligated to remove material "not suitable or needed for fill", and awarded judgment against appellant contractor on the subcontractors' complaint.

■ Appellants first complain that the District Court erroneously construed the subcontract, but as we view it the least that can be said in response to this contention is that, confronted with ambiguity, District Judge Darr predicated his interpretation upon findings of fact from conflicting evidence as to the circumstances surrounding execution and "the practical construction given to the contract by both parties" [Chicago v. Sheldon, 1869, 9 Wall. 50, 54, 76 U.S. 50, 54, 19 L.Ed. 594; Yowell v. Union Central Life Ins. Co., 1918, 141 Tenn. 70, 206 S.W. 334]; and on the record before us those findings of fact cannot properly be characterized as "clearly erroneous". Fed.R.Civ.P. 52(a), 28 U.S.C.A.

If it be assumed that the subcontract is not ambiguous on the point in issue, then the result would be the same; for the provisions of the subcontract do not expressly impose upon the subcontractors any obligation with respect to disposal of "debris * * * not suitable or

needed for fill", or with respect to "Deficiency or Excess of Fill Material".

■ As to the claim asserted in the third-party complaint, we find that the obligation of appellant contractor to third-party-defendant owner to remove and dispose of all debris and materials "not suitable or needed for fill" is clear and explicit.

Finally, appellants urge that the findings cannot be permitted to stand because, although the depositions of appellee subcontractors were introduced by appellants and received in evidence, the District Court ruled that inasmuch as appellee subcontractors had testified fully at the trial, their depositions could be considered "only as affecting the credibility of the witness, and not as positive testimony".

■ Rule 26(d)(2) of the Federal Rules of Civil Procedure declares, as appellants point out, that: "The deposition of a party * * * may be used by an adverse party for any purpose". Here it appears that the depositions in question were permitted to be used on the issue of credibility alone, but it also appears that the trier of fact fully credited the testimony given upon the trial by appellee subcontractors, at least as to matters affecting the challenged interpretation of the subcontract. And, credibility aside, appellants point to nothing in the way of affirmative proof appearing in the depositions that might reasonably be considered to have affected the conclusion reached.

So the error in not treating the depositions of appellee subcontractors as "positive testimony" was harmless—an "error or defect in the proceeding which does not affect the substantial rights of the parties", and hence one which we are to disregard in keeping with the mandate of Rule 61 of the Federal Rules of Civil Procedure.

For the reasons given by Judge Darr in his oral and written opinions, the judgment of the District Court is affirmed.