296 So.2d 730

**SOUTHERN GUARANTY INSURANCE COMPANY**

v.

**Louis SCOTT.**

**Civ. 70.**

Court of Civil Appeals of Alabama.

June 5, 1974.

Rosser & Munsey, Tuscumbia, for appellant.

No brief for appellee.

HOLMES, Judge.

Plaintiff-appellee sought recovery from appellant, Southern Guaranty, under a policy of insurance covering fire loss to an automobile owned by appellee. The case was tried and submitted to a jury which returned a verdict in favor of appellee and against appellant for the sum of $3,800. Judgment was rendered against the appellant in accord therewith. Appellant-defendant's motion for new trial was denied, and appellant now appeals to this court.

By appropriately argued assignments of error, the appellant contends that the learned trial court erred in refusing to grant a recess during the trial in order that appellant might have time to produce certain evidence; that the trial court erred in refusing to grant appellant's motion for a new trial for the reason of newly discovered evidence; and that the court erred to reversal in sustaining appellee's objection to appellant's introducing into evidence the deposition of appellee.

We find no merit in appellant's first two contentions, *supra*, but this court does find merit in appellant's contention regarding the refusal of the trial court to allow him to introduce the deposition of appellee into evidence.

The pertinent facts are as follows:

Appellee claimed his 1966 Ford Thunderbird automobile was covered by an insurance policy on which appellant was the insurer. His automobile was wholly destroyed by fire on November 26, 1970. Appellant contended the automobile in question had been deleted from the policy coverage at the request of appellee on November 5, 1970.

Plaintiff-appellee testified at trial that he had made out one check for $131.00, which was for two of the three cars on the policy, one being the car in question. Plaintiff's witness, who had made out the check, also testified to this. Plaintiff testified that his ex-wife was paying her own premium for the third automobile listed on the policy. Plaintiff's witness testified to mailing the payment and enclosing the "stub" of the premium due notice.

On cross examination, appellant questioned appellee regarding the payment of the premium as to alleged inconsistencies with his testimony at trial and statements made prior to trial on deposition. At the conclusion of the evidence, after plaintiff rested, appellant attempted to introduce appellee's deposition and the trial court sustained appellee's objection to its introduction into evidence as follows:

"MR. CLEERE: At this time, the Plaintiff's rests, Your Honor.

"MR. MUNSEY: At this time, the Defendant would like to offer the deposition of Bobby Louis Scott in evidence.

"MR. CLEERE: We object to that, Mr. Scott is here and testified.

"THE COURT: I sustain the objection.

"MR. MUNSEY: Defense rests."

As to appellant's first two contentions, *supra,* appellant states that he had relied upon the appellee's testimony on deposition, and since the testimony at trial varied from the deposition, he realized there was other evidence in the company's file which appellant did not have at the trial. Appellant therefore contends that the court should have granted a recess in order that it could obtain the evidence from another file in Montgomery under the name of appellee's ex-wife.

Appellant additionally urges that he should have been allowed to introduce the deposition of appellee into evidence.

■ As to appellant's contention regarding the distinguished trial judge's action in refusing to allow a recess and in refusing to grant a new trial on the newly discovered evidence, both, in this instance, concerning the same subject matter, our cases hold that these are matters within the judicial discretion of the trial court. Furthermore, the exercise of this discretion will not be reviewable in the absence of gross abuse of the discretion. Alonzo v. State ex rel. Booth, 283 Ala. 607, 219 So.2d 858; Steele v. Gill, 283 Ala. 364, 217 So.2d 75; Wetzel v. Toston, 248 Ala. 382, 27 So.2d 629. See also 18A Ala.Dig., Trial, ⊜26, and cases cited therein. We do not, in this instance, believe the learned trial judge abused his discretion.

As to appellant's dispositive assignment of error that the lower court erred in that appellant should have been allowed to introduce appellee's deposition, we must agree.

Ala. Code (1940), Tit. 7, § 474(4)(b) provides in pertinent part as follows:

"At the trial . . . any part or all of a deposition, . . . may be used . . . in accordance with any one of the following provisions:

. . . . . .

"(b) The deposition of a party or of any one who at the time of taking the deposition was an officer, director, or managing agent of a public or private corporation, partnership, or association, which is a party may be used by the *adverse party for any purpose.*" (Emphasis added)

Alabama cases have liberally construed this section, and have held that the deposition of a party "may be used by the adverse party for any purpose." Dunahoo v. Brooks, 272 Ala. 87, 128 So.2d 485; Air Engineers, Inc. v. Reese, 283 Ala. 355, 217 So.2d 66; Babcock v. Smith, 285 Ala. 557, 234 So.2d 573. In Dunahoo v. Brooks, *supra,* we note that Mr. Justice Stakely referred to Pfotzer v. Aqua Systems, Inc., 162 F.2d 779, an opinion authored by the imminent jurist, Learned Hand, who, in discussing the very question now before us, wrote that the deposition of an adverse party taken before trial was admissible as evidence in chief, and in any event to contradict a party's testimony on the stand.

■ Clearly, appellee was a party to the suit at bar which brings him within the above-quoted code provision, and, accordingly, appellant should have been allowed to introduce appellee's deposition. While we do not know the exact purpose for which the deposition was offered into evidence, in this instance, this would be immaterial.

In Dunahoo v. Brooks, *supra,* while discussing a similar situation, the court stated

that the code provision in question was largely taken from the Federal Rules of Civil Procedure, and that federal cases construing the Federal Rules should be considered. Pursuing this line of reasoning, we note that federal cases have also held that the deposition of a party may be used by an adverse party for any purpose. As stated in Wright & Miller, Federal Practice and Procedure, Civil, § 2145, in discussing the comparable Federal Rule 32(a)(2),

"This provision must be liberally construed. The trial court has discretion to exclude parts of the deposition that are unnecessarily repetitious in relation to the testimony of the party on the stand, but it may not refuse to allow the deposition to be used merely because the party is available to testify in person. 'It has been consistently held that the Rule permits a party to introduce, as part of his substantive proof, the deposition of his adversary, and it is quite immaterial that the adversary is available to testify at the trial or has testified there. Thus applied, the Rule is a restatement of the long recognized rule of evidence that statements of a party which are inconsistent with his claim in litigation are substantively admissible against him.' (Citations omitted)"

We might point out it would appear that this same reasoning would apply under Rule 32(a)(2) of our newly adopted Alabama Rules of Civil Procedure.

In accord with the above, we hold that the lower court erred in refusing to allow appellant to introduce the deposition of appellee.

Upon consideration of all assignments of error, the case is due to be reversed and remanded to the lower court.

Reversed and remanded.

WRIGHT, P. J., and BRADLEY, J., concur.