This appeal involves a shopping center lease and a dispute between the parties over what agreement was reached regarding "common area maintenance." The essential facts are:
Century Plaza, through its agent, Engel Realty, presented to Ira Hibbett several proposed leases during a two-year period prior to the opening of the Century Plaza Mall in Birmingham in August, 1975. Century aggressively solicited Hibbett to open a sporting goods store in its facility. Section 28 of those proposed leases provided that a charge of thirty cents per square foot would be levied on the tenant for common area maintenance. Hibbett refused to enter into an agreement with Century Plaza at that time.
On September 29, 1975, negotiations were resumed and Engel Realty proffered to Hibbett a proposed lease. Hibbett claims that he asked one Bennett, agent of Engel Realty, whether Section 28 was unchanged from the earlier proposed leases, and that he was assured by Bennett there was no change, whereupon, he signed the lease without reading the contested section. Bennett says he told Hibbett that he would still be charged thirty cents per square foot, but Bennett contends he was not asked whether Section 28 had been changed in the new lease. The lease Hibbett signed exempted the square footage of several of the major department stores in the mall from the formula of calculating the common area maintenance charge; therefore, Hibbett's obligation for common area maintenance was substantially higher than his obligation would have been under the leases proffered to him previously.
The trial court heard the testimony ore tenus and found that Engel's agent made a material misrepresentation to Hibbett, upon which Hibbett relied to his detriment. The court found Engel's conduct to be inequitable, unconscionable and fraudulent. The court denied Century Plaza any relief on its declaratory judgment suit. The trial court reformed the lease so that the text of Section 28 as set forth in the proffered lease which was originally discussed with Hibbett was substituted for that in the executed lease. In effect, the court granted Hibbett the relief he requested in his counterclaim.
On appeal, counsel for Century Plaza contends that because Hibbett had ample opportunity to review for himself the contents of the questioned instrument, he may not now complain that the instrument does not represent the agreement consummated by the parties.
It is true generally that where a party, having the ability to read and understand an instrument, fails to do so, and *Page 9 
signs it without reading it, he cannot avoid the obligations embodied in the instrument by pleading ignorance of its contents. A party is not bound, however, if fraud was practiced upon him. Colburn v. Mid-State Homes, Inc., 289 Ala. 255, 260,266 So.2d 865 (1972).
The record adequately supports the finding of the trial court that fraud was practiced on Hibbett. The court could have found that Hibbett asked whether Section 28 remained unchanged from the earlier proposed leases, and was assured that it was the same, and that he relied on that representation to his detriment by executing the proffered lease without reading the subject section. Since this was an ore tenus case, the findings of fact made by the trial judge are favored with a presumption of correctness and his finding will not be disturbed on appeal unless plainly erroneous or manifestly unjust. Tanner v.Winfield, 365 So.2d 651 (Ala. 1978).
The second question presented is whether the trial court committed reversible error in refusing to permit Century Plaza, as plaintiff, to introduce Hibbett's deposition. The record indicates that when Century Plaza's counsel asked the court the accept Hibbett's deposition into evidence, an objection was made and a colloquy ensued between the court and counsel regarding the state of the law regarding the use of depositions at trial. The record shows that the following occurred:
 "MR. BROWN: And we also offer Mr. Hibbett's deposition into evidence.
"MR. HARRIS: I don't think that's proper, Judge.
"MR. BROWN: Sure, it is.
 "MR. HARRIS: Not proper to offer a man's deposition when he's sitting right here in the courtroom.
 "MR. BROWN: I believe the rule is presently that a deposition of a party may be used for any purpose whatsoever.
 "THE COURT: Well, that's true, but of course, when the witness is in the courtroom, why, he's subject to examination by both parties, and — I don't know, it might shorten the matter if you took his deposition. Is there something in there you want to object to?
 "MR. KELLER: No, sir, I just object to it at this time. We've got a very confusing Supreme Court case on that, as you know, about it.
"THE COURT: I sure do.
 "MR. KELLER: And I have it on appeal right now, and all the other cases say that . . . rule does not apply if he's sitting there or if it's redundant, or if it contains objectionable testimony, that that statement . . . offered for any purpose — can be put for any purpose don't [sic] make sense, and we do object to it. He's sitting here at this time.
 "THE COURT: Well, I'll have to sustain the objection.
"MR. BROWN: All right, Your Honor.
 "THE COURT: That's as much for your protection as it is for his.
"MR. BROWN: Yes, sir."
Century Plaza has not designated the contested deposition as a part of the record on appeal; therefore, we do not have the deposition before us to determine whether Century was prejudiced by its exclusion from the evidence. We do know from the record, that in the instant case, Century's counsel, during cross-examination, made extensive use of Hibbett's deposition in cross-examining him.
Century Plaza cites Southern Guaranty Insurance Company v.Scott, 52 Ala. App. 641, 296 So.2d 730 (1974), and Cunningham v.Lowery, 45 Ala. App. 700, 236 So.2d 709 (1970), for the proposition that it is reversible error for a court to exclude a deposition of a party.
In Southern Guaranty Insurance Company v. Scott, the Court of Civil Appeals did hold that the exclusion of the deposition in that case was reversible error; nevertheless, the Court of Civil Appeals correctly cited Wright Miller, Federal Practice and Procedure, Civil, § 1245, which deals with Rule 32 (a)(2) of the Federal Rules of Civil Procedure, as follows:
 "`This provision must be liberally construed. The trial court has discretion to *Page 10 
exclude parts of the deposition that are unnecessarily repetitious in relation to the testimony of the party on the stand, but it may not refuse to allow the deposition to be used merely because the party is available to testify in person. "It has been consistently held that the Rule permits a party to introduce, as part of his substantive proof, the deposition of his adversary, and it is quite immaterial that the adversary is available to testify at the trial or has testified there. Thus applied, the Rule is a restatement of the long recognized rule of evidence that statements of a party which are inconsistent with his claim in litigation are substantively admissible against him." (Citations omitted)'"
52 Ala. App., at p. 644, 296 So.2d at p. 732.
By quoting from Wright and Miller, we believe the Court of Civil Appeals was aware that the failure to admit the deposition of a party does not necessarily and inevitably result in reversible error under all circumstances. Alabama Rule 32 is patterned after Rule 32 of the Federal Rules of Civil Procedure and this Court has adhered to the decisions of the federal courts which construe this rule. For example, inDunahoo, v. Brooks, 272 Ala. 87, 128 So.2d 485 (1961), this Court relied on the opinion of Judge Learned Hand in Pfotzer v.Aqua Systems, Inc., 162 F.2d 799 (2d Cir. 1947), in reaching its conclusion that the deposition of a party was admissible as evidence even though the deposed party was present in court. InPfotzer, there were other grounds to justify the reversal of the case, namely, failure to charge the jury, exclusion of a prior conviction, and the exclusion of certain correspondence and documents; therefore, Pfotzer cannot be considered to stand for the blanket proposition that the failure to admit the deposition of a party constitutes reversible error under all circumstances. Accordingly, the Alabama cases which follow thePfotzer statement cannot be deemed to stand for the proposition that reversible error necessarily results from the refusal to admit a deposition into evidence in every instance.
The colloquy between the trial judge and counsel seems to indicate that the trial judge understood that the entire
deposition of a party is not necessarily relevant. Century's counsel answered affirmatively when the trial judge said: "That's as much for your protection as it is for his." The trial judge could only have meant that the Hibbett deposition could contain evidence extremely favorable to Hibbett and damaging to Century.
In view of the fact that there might be some confusion in the cases regarding the circumstances under which the deposition of a party may be used, we here attempt to clearly state the rule which should be applied.
First, the provision of Rule 32 that the deposition of a party "may be used by an adverse party for any purpose" must be liberally construed. The rule permits a party to introduce, as part of his substantive proof, the deposition of his adversary, and it is quite immaterial that the adversary is available to testify at the trial or has testified there. Nevertheless, the trial court has discretion to exclude parts of the deposition that are unnecessarily repetitious in relation to the testimony of the party on the stand, but it may not refuse to allow the deposition to be used merely because the party is available to testify in person. The failure of the court to admit the deposition of a party does not necessarily and inevitably result in reversible error. Any case previously decided by this Court or by the Court of Civil Appeals which might conflict with this statement of the rule should no longer be followed.
In the instant case, the trial court should have permitted Century Plaza to introduce in evidence all or part of Hibbett's deposition "so far as admissible under the rules of evidence applied as though the witness were then present and testifying. . . ." Rule 32, A.R.C.P. If Century Plaza wanted to introduce those parts of Hibbett's deposition which might have been favorable to Hibbett, Century Plaza had this right; but was it reversible error for the trial court to refuse to allow Century *Page 11 
Plaza to introduce the deposition at that time? We do not think so. In several federal cases involving the application of federal Rule 32, those courts have concluded that the failure to admit the deposition of a party is merely harmless error, particularly in those situations, as in the instant case, where the party has testified and the deposition is used extensively during cross-examination. Cf., Merchants Motor Freight v.Downing, 227 F.2d 247 (8th Cir. 1955); J.W. Bateson Company v.Romano, 266 F.2d 360 (6th Cir. 1959); Pursche v. Atlas Scraperand Engineering Co., 300 F.2d 467 (9th Cir. 1962); Fey v.Walston Company, Inc., 493 F.2d 1036 (7th Cir. 1974);Fenstermacher v. Philadelphia National Bank, 493 F.2d 333 (3d Cir. 1974); and, Pingatore v. Montgomery Ward Co.,419 F.2d 1138 (6th Cir. 1969).
From the record before us, we cannot say whether the trial court committed reversible error by refusing to allow counsel for Century Plaza to use all or part of Hibbett's deposition. Century Plaza did not designate Hibbett's deposition as part of the record on appeal; therefore, we do not have it available to us for consideration of appellant's claim that the trial judge committed reversible error in failing to accept it into evidence. 2 Ala.Dig., Appeal and Error, Key No. 712. We do note that counsel for the shopping center did use the deposition extensively in cross-examining Hibbett.
The record in this case points up what may be a misconception by bench and bar about the procedure for using a deposition during trial. Unless there is agreement to allow the document itself into evidence, the proper method for getting relevant, material and competent evidence contained in a deposition before the factfinder is as follows:
The examining attorney would obtain the services of an individual who would act as the deponent; as the examining attorney read the questions from the deposition, the individual acting as the deponent would read the answers given by the deponent. When this method is used, the opposing party would have an opportunity to object to any irrelevant, immaterial or incompetent evidence. In no event, unless by agreement of the parties, should the deposition itself be admitted into evidence as an exhibit, whether the trial is before the court without a jury or before the court and a jury.
AFFIRMED.
TORBERT, C.J., and FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
BLOODWORTH, J., not sitting.