This is an appeal by Dollie W. Roberts from a decree rendered in behalf of Peoples Bank and Trust Company of Sylacauga, after an ore tenus trial, in its declaratory judgment action. The decree denied relief that Roberts asserted in her counterclaim.
The Bank alleged it had purchased property from the defendants, Dollie Roberts and others, by general warranty deed on 15 December 1977, and had prior to that, on 18 August 1977, procured a contract of sale and purchase that contained a provision Roberts claimed prevented it from using the property for any purpose other than the erection thereon of a bank building. The Bank further alleged it had purchased the property for the purpose of erecting a bank building thereon but later it became impractical to do so. The relief sought was a declaration that the Bank, as owner of the property in fee simple, had the right to sell or use the property for any lawful purpose.
Roberts's defense was that the Bank had fraudulently represented that its intention in purchasing the property was solely for the purpose of erecting a bank building and this representation was relied upon.
Prior to trial, default judgment was rendered against all defendants other than Mrs. Roberts.
The record in this cause reveals the following: In the early summer of 1977, Peoples Bank, through a real estate agent, Mrs. Lettye Byrum, approached the defendant, Dollie Roberts, about the sale of a lot owned by the Robertses and located in Sylacauga, Alabama. During a conversation, Mrs. Roberts was told by Mrs. Byrum that the Bank's purpose in purchasing the property was to build a bank on it.
On 18 August 1977, the parties executed a contract for the sale of the property. The contract provided:
 The purpose of the purchase of the above land by grantee [Bank] is for the construction of a bank building.
On 15 December 1977, Mrs. Roberts executed a deed to plaintiff, Peoples Bank and Trust Company, conveying the property in question. The deed was prepared by Mrs. Roberts's attorney and examined by her before she signed it. The deed did not contain the provision quoted above from the sales contract.
The record shows that one Whitman was president of the Bank at the time of negotiations for the purchase of the property. During this time, Whitman represented to the Board of Directors of the Bank that the appropriate bank regulatory authorities had approved the construction of the bank building and arrangements had been made for the necessary financing. Whitman also represented to the Board that all necessary applications had been secured for the construction of the bank building.
In response to Whitman's representations, the Bank spent substantial amounts of money pursuing this endeavor, including money paid to an architectural firm, payment of real estate commissions, payment for a survey, as well as the sum of $125,000 for purchase of the lot.
Approximately 20 November 1977, Whitman resigned as president of the Bank and was replaced by Bill B. James. At trial, James testified that after conferring with the appropriate bank regulatory agencies in Atlanta sometime after the first of the year, he determined the financing for the new bank building was not feasible and would not be approved. James also discovered that Whitman had misrepresented to *Page 395 
those agencies the Bank's ability to purchase the Robertses's property. James further testified that upon finding construction of the new bank building infeasible, the Bank offered to convey the property back to the Robertses at the purchase price but that no reply was made to this offer.
The portion of the decree pertinent to this decision is:
 After hearing said testimony, the Court finds that the words "The purpose of the purchase of the above land by grantee is for the construction of a bank building" contained in the contract of sale and purchase involved herein were not intended by the parties to said contract as a covenant; the Court further finds that even if so intended, the Defendants executed and delivered to the Plaintiff a general warranty deed making no mention of such sentence, and, the Court therefore holds, pursuant to the doctrine of merger set forth in Alger-Sullivan Lumber Co. v. Union Trust Co., 207 Ala. 138, 92 So. 254, that the Defendants' rights under said contract merged into the said deed.
See also, Ridley v. Moyer, 230 Ala. 517, 161 So. 526 (1935). We agree and will affirm.
Roberts contends the trial court erred in not recognizing the fraud exception to the doctrine of merger.
It is well-settled Alabama law that, where the record shows a case was tried by the court without a jury and judgment was rendered absent special findings of fact, on review it will be assumed that the trial court made those findings necessary to support its judgment, and the conclusion of the trial court will be affirmed unless clearly erroneous or manifestly unjust, if fairly supported by credible evidence under any reasonable aspect of that evidence. J.C. Jacobs Banking Co. v. Campbell,406 So.2d 834 (Ala. 1981); Hill v. Delchamps Food Stores,294 Ala. 14, 310 So.2d 871 (1975); Kubiszyn v. Bradley, 292 Ala. 570, 298 So.2d 9 (1974). There was sufficient evidence upon which the trial court could conclude as it did in this case.
The presence or absence of fraud is a question to be determined by the trier of fact. To the extent fraud is a factual question, the trial court having tried the case oretenus, this court will indulge all favorable presumptions to sustain that court's conclusion and it will be disturbed on appeal only if shown to be plainly erroneous or manifestly unjust. Century Plaza Co. v. Hibbett Sporting Goods, Inc.,382 So.2d 7 (Ala. 1980); Krieger v. Krieger, 276 Ala. 466,163 So.2d 623 (1964). The record adequately supports the finding that no fraud infected the transaction. The only fraud perpetrated was upon the Bank by an officer of that Bank.
The judgment below is therefore affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.