Charles and Elaine Coghlan appeal from a decree entered in behalf of the First Alabama Bank of Baldwin County in its declaratory judgment action. After an ore tenus trial, the court declared Elaine Coghlan trustee, for satisfaction of the indebtedness of Charles Coghlan, Jr., and to the benefit of the First Alabama Bank of Baldwin County, of a one-half undivided interest in certain properties previously held by Elaine Coghlan in fee simple. We affirm.
First Alabama Bank initiated this action in order to enforce an unpaid judgment previously entered against Charles Coghlan, Jr., for the amount of $69,641.80. The bank alleged that through the agency of a judicial proceeding, Mr. Coghlan had conveyed his interest in certain real properties to his wife, without consideration, with the intention to defraud, hinder or delay First Alabama Bank in its attempt to recover all or part of its judgment. As relief, the bank sought a declaration that Mrs. Coghlan held the properties as trustee for the satisfaction of Mr. Coghlan's indebtedness.
The Coghlans argued at trial that the conveyances made to Mrs. Coghlan occurred before Mr. Coghlan ever entered into indebtedness with First Alabama Bank and therefore, absent a showing of a specific intent to defraud future creditors, the conveyances to Mrs. Coghlan are valid.
The trial court found that on two occasions, Mr. Coghlan had transferred certain properties to Mrs. Coghlan and that the conveyances were voluntary and without consideration. The trial court further found that the conveyances were made with the specific intent to defraud, hinder, or delay First Alabama Bank in its attempt *Page 1121 
to recover all or part of its judgment. Accordingly, the trial court granted the relief sought by First Alabama Bank.
The Coghlans filed a motion for a new trial, which was denied by operation of law on 21 June 1983. See ARCP 59.1. From that order, the Coghlans appeal.
The Coghlans argue on appeal that First Alabama Bank failed to meet its burden of proving that Mr. Coghlan formed a specific intent to defraud existing and future creditors when he conveyed the properties in question to his wife. We do not agree, and we hold that sufficient evidence was presented upon which the trial court could conclude as it did in this case.
The record in this cause reveals the following: On 11 June 1980, a judgment in favor of First Alabama Bank of Baldwin County and against Charles Coghlan for the amount of $69,641.80 was recorded in the Probate Court of Baldwin County, Alabama. The indebtedness upon which the judgment was based was dated 26 June 1978.
Elaine Coghlan testified that in 1974, her husband's uncle, Origen Coghlan, had promised that if she would move from Camden to his residence in Tensaw, Alabama, and care for him, he would deed her his interest in the Tensaw property. On 15 April 1977, Origen Coghlan executed a deed to Charles and Elaine Coghlan which purportedly conveyed an undivided interest in the Tensaw property. On cross-examination, Mrs. Coghlan admitted that in an earlier deposition she had testified that the conveyance was not for services rendered, but rather, was merely a gift.
On 4 May 1977, Charles Coghlan conveyed his one-half undivided interest in the property to his wife Elaine. This was a voluntary conveyance and without consideration. Mrs. Coghlan testified that she agreed to sell her home in Camden, Alabama, if her husband would convey his interest in the Tensaw property to her. However, her husband never received any proceeds from the sale of the Camden property. In fact, the entire proceeds were deposited in the account of Elaine G. Coghlan.
During the course of the proceedings, the trial judge made the following inquiry:
 "THE COURT: Mr. Coghlan, you heard your wife testify that in your homes, the title was always held in her name, is that correct?
"THE WITNESS: Yes.
"THE COURT: Why is that?
 "THE WITNESS: I had a problem way back, right after the war.
"THE COURT: What kind of a problem?
 "THE WITNESS: Shell shock. I had to be treated in a mental institution several times.
 "THE COURT: What does that have to do with why the property was in her name?
 "THE WITNESS: I don't know. That was the way she wanted it.
"THE COURT: Because she wanted it that way?
"THE WITNESS: Yes, sir."
Subsequent to the 1977 conveyance of the Tensaw property from Origen Coghlan to Charles Coghlan, Jr., and Elaine Coghlan, Charles Coghlan, Sr., individually and as administrator of the estate of Malachi Coghlan, filed suit to set aside certain conveyances from the late Malachi Coghlan to Origen Coghlan. Among these disputed conveyances was the transfer of a one-half undivided interest in the Tensaw residence, the property in question in this suit. Consequently, a judgment was entered on 30 October 1978, divesting Elaine Coghlan and Charles Coghlan, Jr., of a one-half undivided interest in that property.
Thereafter, Charles Coghlan, Sr., filed suit for partition and division or sale of the subject property. Charles and Elaine Coghlan answered the suit by alleging that they had both made valuable improvements to the property.
As a result of this litigation, on 29 February 1980, a consent decree was entered by the Baldwin County Circuit Court ordering that the subject property be sold at a private *Page 1122 
sale to Charles Coghlan, Jr., and Elaine Coghlan for $135,000.
The final decree was entered on 20 November 1980. After the decree dated 29 February 1980, but prior to the final decree, First Alabama Bank recorded its judgment against Charles M. Coghlan, Jr., in the sum of $69,641.80. The final decree, entered 20 November 1980, directs Elaine G. Coghlan to pay into court the sum of $15,940, which was to be applied to the purchase price of the subject property. The decree also directs the executrix of the Coghlan Estate to pay money from the judgment rendered on 29 February 1980 to Elaine G. Coghlan with no mention of Charles G. Coghlan, Jr. The decree further directed that the register execute a deed to the subject property to Elaine G. Coghlan, again with no mention of Charles M. Coghlan, Jr. On 5 January 1981, that was done.
Finally, evidence presented at trial showed that although Mr. Coghlan conveyed his interest in the Tensaw property to his wife, he continued to live on the property and continued to make valuable permanent improvements on the property. Furthermore, since the year 1975, Mr. Coghlan's receipts from his logging operations had steadily declined to such an extent that in 1977, he filed no income tax return.
The presence or absence of actual fraud is a question for the trier of fact. Because fraud is a factual question, and because the trial court tried this case ore tenus, this court will indulge all favorable presumptions to uphold that court's decision. Roberts v. Peoples Bank and Trust Company ofSylacauga, 410 So.2d 393, 395 (Ala. 1982). Absent plain error or manifest injustice, the trial court's findings of fact will not be disturbed on appeal. After a careful scrutiny of the entire record, we conclude there is adequate evidence to sustain the findings of the trial court. Accordingly, the judgment is due to be, and is hereby, affirmed.
AFFIRMED.
MADDOX, FAULKNER, JONES, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and SHORES, J., dissent.
ALMON, J., not sitting.