MADDOX, Justice.
This action for fraud arises out of the settlement of a boundary line dispute. The appellants contend that a material misrepresentation was made by an agent of the defendant during settlement negotiations.
The original suit concerning the boundary line was concluded by agreement of the parties and a stipulation was made for the record in open court. The plaintiffs in the present action allege that a surveyor, employed by the defendant, represented that their total acreage would be 17.5 acres after the establishment of the boundary. This representation, if made, was apparently made to the plaintiffs’ attorney during settlement negotiations. In actuality, under the settlement agreement, the plaintiffs received only 12.47 acres. A map used in connection with the settlement was entered into evidence in the case at bar. It clearly stated that plaintiff’s land contained only 12.47 acres. There was some conflict in the evidence concerning the possible alteration of the document after the settlement, but the trial court found for the defendant.
There was evidence presented that the surveyor was not acting as an agent for the defendant, but even assuming that the surveyor was the defendant’s agent and was acting within the line and scope of his authority, there was some evidence that the plaintiffs had knowledge of the acreage, because it appeared on the face of the survey, that was used as an exhibit and made a part of the court’s order. If the court found that the plaintiffs did have knowledge of the contents of the survey, the court was authorized to find that the plaintiffs were not deceived by any alleged representation made regarding the acreage. Mid-State Homes Inc. v. Holt, 52 Ala.App. 415, 293 So.2d 476 (1974).
The case was tried ore tenus and was heard by the trial judge, and the evidence was conflicting on the absence or presence of fraud in the transaction. This Court stated the principle of law applicable under such circumstances in Roberts v. Peoples Bank & Trust Co. of Sylacauga, 410 So.2d 393, 395 (Ala.1982), as follows:
“The presence or absence of fraud is a question to be determined by the trier of fact. To the extent fraud is a factual question, the trial court having tried the case ore tenus, this court will indulge all favorable presumptions to sustain that court’s conclusion and it will be disturbed on appeal only if shown to be plainly erroneous or manifestly unjust. Century Plaza Co. v. Hibbett Sporting Goods, Inc., 382 So.2d 7 (Ala.1980); Krieger v. Krieger, 276 Ala. 466, 163 So.2d 623 (1964).”
The judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
ALMON, BEATTY, ADAMS and HOUSTON, JJ., concur.